**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YUNYAN LIU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-1407-HE |
| | ) | |
| TODD BLANCHE, Acting Attorney | ) | |
| General of the United States, et al.,[1] | ) | |
| | ) | |
| Respondents. | | |

**ORDER**

Petitioner Yunyan Liu seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of her detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of the People's Republic of China who entered the United States at or near Tecate, California on or about January 3, 2024. The record indicates that petitioner was placed in removal proceedings through service of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. The petition indicates that petitioner was released from ICE custody on her own recognizance. Thereafter, she filed an application

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, is substituted as respondent for Todd Lyons.*

for asylum and withholding of removal.  The petition indicates that on or about May 29, 2026, while petitioner was attending a birthday party at Lucky Zhang seafood restaurant, local police officers conducted a raid of the restaurant.  Shortly thereafter, ICE officers arrived at the scene.  Petitioner was handcuffed, shackled, and transported to the ICE office.  The petition indicates that petitioner is currently detained by ICE at Diamondback Correctional Facility in Watonga, Oklahoma.

In the petition, petitioner claims her detention violates the INA and its implementing regulations, the Fifth Amendment due process clause, and the Administrative Procedure Act.  In addition to declaratory relief, petitioner requests her immediate release, or alternatively, a bond hearing.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper and request the court to deny the § 2241 petition.  Upon review, the court concludes the habeas petition should be granted in part.

In their briefing, respondents acknowledge that "the Court has ruled on this issue and understand the present case may be decided in similar fashion." [Doc. #7, p. 1].  But, for the reasons stated in Avila v. Bondi, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A).  Respondents specifically assert

2

petitioner is subject to § 1225(b)(2)(A) because she is an "applicant for admission" and is "seeking admission."

However, the day after respondents filed their response in this case, the Tenth Circuit issued Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), wherein it concluded: "The only time a noncitizen can be said to be seeking admission is when [she] is seeking to enter the United States at the border.  Since §1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border." *Id*. at *7.  Because petitioner was released on her own recognizance and was residing in the United States for over two years before she was detained by ICE, the court concludes she is not properly detained under § 1225(b)(2)(A).  Instead, her detention is governed by 8 U.S.C. § 1226(a).  This is true despite the fact petitioner filed an asylum application, which remains pending.  *See* Li v. Grant, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that she is entitled to an individualized bond hearing. The court will therefore grant the habeas petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise

---

[2] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*

release petitioner if she has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2026.

_____

JOE HEATON

UNITED STATES DISTRICT JUDGE

4